Bisnews AFE v. Aspen Research Group

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER[1],
                     *Circuit Judges*.

_____

BISNEWS AFE (THAILAND) LIMITED,

                     *Plaintiff-Counter-Defendant-Appellant*,

          -v-                                    11-3652-cv

ASPEN RESEARCH GROUP LIMITED,

                     *Defendant-Counter-Claimant-Appellee,*

INFOQUEST LIMITED, THAIQUEST LIMITED,

                     *Defendants-Appellees*.

_____

Appearing for Appellees:    Richard H. Dolan, Schlam Stone & Dolan LLP, New York, N.Y.
                            (Raffi Melkonian, *on the brief*).

_____

[1] The Honorable Joseph M. McLaughlin, an original member of this panel, recused himself. The remaining two panel members agree on the disposition and decide this motion pursuant to Second Circuit Internal Operating Procedure E(b).

Appearing for Appellant:     Donna Doblick,  Reed Smith LLP, Pittsburgh, PA.  (Wendy H. Schwartz, Emily B. Kirsh, Reed Smith, LLP, New York, N.Y., *on the brief*).

     Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

     Bisnews AFE (Thailand) Limited appeals from the August 29, 2011 memorandum and order of the United States District Court for the Southern District of New York (Buchwald, *J.*) denying its motion for a preliminary injunction through which it sought, in broad terms, to enjoin Aspen Research Group Inc. ("Aspen") from engaging in the conduct underlying Bisnews' breach of contract claims against Aspen .  The issue presented by this appeal is whether the district court abused its discretion in denying the motion.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

     A party seeking a preliminary injunction must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)(internal quotation marks omitted).

     "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).  "To satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Id.* (quotation marks and alterations in the original omitted).  Thus, "[w]here there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."  *Id.* (quotation marks omitted)

     Here, the record amply supports the district court's finding that no irreparable harm will result from the denial of preliminary injunctive relief.  There is no evidence in the record that Bisnews cannot be fully compensated for whatever harm, if any, it suffers from Aspen's alleged breach of the contract through the payment of money damages.

     Finally, Aspen asks this Court to impose sanctions against Bisnews.  To the extent Aspen complains of actions taken by Bisnews in the district court, this Court is the wrong forum in which to litigate those complaints.  To the extent Aspen argues this appeal was frivolous, we disagree.  The appeal was plainly colorable.

Accordingly, the judgment of the district court hereby is AFFIRMED.  Each party shall bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk